# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY BAKER,

              Petitioner,      :      Case No. 3:15-cv-414

    - vs -                         District Judge Walter Herbert Rice
                                          Magistrate Judge Michael R. Merz

TIMOTHY BUCHANAN, Warden,
 Noble Correctional Institution,

                                       :

              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 13).  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 15).

Baker objects only to the Report's conclusion on his Third Ground for Relief.  In that Ground he claims ineffective assistance of trial counsel in that "[t]rial counsel failed to investigate and subpoena crucial witnesses in Mr. Baker's case that would have vindicated Mr. Baker of any knowledge of criminal activity."  (Petition, ECF No. 1.)

As the Report notes, this claim is based on evidence outside the appellate record and therefore was required to be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21.  Baker filed such a petition on February 19, 2014.  The trial court denied relief and Baker appealed, claiming error in the trial judge's failure to hold an evidentiary hearing. The

1

Second District affirmed. *State v. Baker*, 2015-Ohio-338, 2015 Ohio App. LEXIS 315 (2nd Dist. Jan. 30, 2015), appellate jurisdiction declined, 2015-Ohio-1896, 2015 Ohio LEXIS 1329. The Report quotes at length Judge Froelich's opinion for the Second District (ECF No. 13, PageID 1878-80). The Report found that decision was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and subsequent United States Supreme Court precedent on ineffective assistance of trial counsel (Report, ECF No. 13, PageID 1880-81).

In his Objections, Baker focuses on trial counsel's duty to investigate. He asserts his attorney failed "by not questioning prospective witnesses and failing to evaluate their potential credibility, specifically, Petitioner's alleged co-defendant, Darren Taylor." (Objections, ECF No. 14, PageID 1894.)

Baker's use of the word "alleged" is puzzling, because Taylor was in fact a co-defendant. As the Report notes, Taylor's trial for murder from the same incident commenced April 25, 2013, and ended in a guilty verdict on May 2, 2013 (Report, ECF No. 13, PageID 1881, citing the online docket of the Montgomery County Clerk of Courts in Taylor's case). The Report reasoned it was very unlikely Taylor would have waived his privilege against self-incrimination and testified on Baker's behalf. *Id.*

**Asserted Deficient Performance**

To succeed on a claim of ineffective assistance of trial counsel, a habeas petitioner must prove both that his attorney's performance was professionally deficient and that there was resulting prejudice to his case. To prove deficient performance for failure to investigate a

2

witness, Baker cites three Sixth Circuit cases  (Objections, ECF No. 14, PageID 1884, citing *Stewart v. Wolfenbarger*, 468 F.3d 338 (6th Cir. 2006)(Clay, J.); *Towns v. Smith*, 395 F.3d 251 (6th Cir. 2005)(Martin, J.); and *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000)(Moore, J.)).

In *Stewart*, the uninvestigated witness, Deshawn Williams, was prepared to testify that Stewart was not at his home at a time when another witness testified Stewart made a threat to kill the victim.  468 F.3d at 356.  Stewart asked his attorney to subpoena Williams, but Williams testified at a state post-conviction hearing that the trial attorney never called him and confirmed he would have given the exculpatory testimony. *Id.*

In *Towns*, the uninvestigated witness, Michael Richard, was involved in the crime, but listed as a prosecution witness.  395 F.3d at 254.  When he was struck from the prosecution's witness list, defense counsel insisted he be allowed to interview Richard at the county jail, but apparently never did and did not call him to testify. *Id.*  Towns did not file his habeas petition until nineteen years later.  At an evidentiary hearing in federal court, an attorney for Towns testified he contacted Michael Richard who remembered the facts, had been willing to testify that Towns was not the perpetrator, but had never been contacted by Towns' trial attorney. *Id.*  at 255.  The attorney prepared an affidavit for Richard's signature, but it was never signed. *Id.*

*Combs* is a capital case. There were numerous claims of ineffective assistance of trial counsel which the Sixth Circuit found meritorious,[1] but none of them involved failing to interview and call a witness.

None of these cases is a Supreme Court precedent, although the Court does not doubt that

---

[1] Shortly after *Combs* was decided, his trial attorney, Chuck Stidham, was suspended from the practice of law by the Ohio Supreme Court and shortly thereafter surrendered his license with discipline pending.

3

*Strickland* extends to failure to investigate situations. See *Wiggins v. Smith*, 539 U.S. 510 (2003), and *Rompilla v. Beard,* 545 U.S. 374 (2005). More importantly, none of them involves failure to interview a co-defendant who was represented by counsel and who was contesting his guilt. Baker offers no rebuttal to the observation in the Report that "Baker's attorney certainly could not as a matter of professional ethics question Taylor without his attorney's permission, and such permission was unlikely to have been given." (ECF No. 13, PageID 1881.)

Furthermore, Baker's evidence of deficient performance falls far short of the evidence presented in *Stewart* and *Towns*. Baker's petition for post-conviction relief is supported by his own affidavit which contains only his assertion that his lawyer did not attempt to talk to Taylor (State Court Record, ECF No. 3, PageID 300). There is no affidavit from Taylor or from the trial attorney confirming that fact; Baker's own affidavit does not claim his attorney admitted not talking to Taylor.

In sum, Baker has not shown the Second District's conclusion that trial counsel did not perform deficiently is somehow an unreasonable application of *Strickland*.

**Prejudice**

The second prong of the *Strickland* test required a habeas petitioner to prove he was prejudiced by his attorney's deficient performance. The Second District also found no prejudice from failure to call Taylor: "The evidence relied upon by Baker did not establish that Taylor was willing to testify on Baker's behalf or that, if Taylor had done so, his testimony would have reflected Baker's alleged non-accomplice involvement in the crime or would have otherwise been

helpful to the defense." *State v. Baker, supra*, ¶ 12.  The Report found this was not an objectively unreasonable application of *Strickland* (Report, ECF No. 13, PageID 1880-81).

Baker objects "Prejudice in this case arises directly from a comparison of the prosecutor's evidence as a whole to the evidence trial counsel omitted though a failure to investigate . . ." (ECF No. 14, PageID 1884.)  Baker then proceeds to recite his narrative of what happened, including what Baker himself could have testified to, without mentioning that Baker did not testify.  *Id.* at PageID 1884-86.  He also again speculates what Taylor could have testified to without making any showing that Taylor would have been willing to testify. *Id* at PageID 1886-87.

Baker again argues it was unreasonable for the trial court to deny him an evidentiary hearing on his Ohio Revised Code § 2953.21 petition and unreasonable for the Second District to affirm (Objections, ECF No. 14, PageID 1889).  However, there is no United States Supreme Court case requiring any particular kind or quantity of post-conviction process.  For that reason, the question of whether the denial of an evidentiary hearing was reasonable or not cannot be decided by this Court.

Baker objects that because the state courts did not conduct an evidentiary hearing, "the Magistrate Judge is well within his rights to convene a hearing on federal habeas."  (Objections, ECF No. 14, PageID 1891.)  In support of that proposition, he cites a number of decisions from other circuits handed down before 2011.  But in that year the Supreme Court decided in *Cullen v. Pinholster,* 563 U.S. 170 (2011), that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered.  *Id.* at 182.  The Supreme

5

Court further stated that section 2254(e)(2) only "continues to have force where Section 2254(d)(1) does not bar federal habeas relief." *Id.* at 185.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 19, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).